UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>GERALD LOFTON,<br>Defendant. | : | CASE NO. 1:08-CR-044-1<br><br>OPINION & ORDER<br>[Resolving Doc. 39] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Gerald Lofton petitions for a writ of habeas corpus under 28 U.S.C. § 2255, asserting violations of his constitutional rights and ineffective assistance of counsel in negotiating his guilty plea.[1/] Lofton brings this petition now, long after his conviction, because, he says, the Government witheld *Brady* evidence and intervening changes in law apply to his case.[2/] The Government says that § 2255's one-year statute of limitations bars Lofton's petition and that he waived any challenge in his plea agreement.[3/] Because Lofton has not shown that the Government witheld *Brady* materials from him, the Court **DENIES** Lofton's motion.

## I. Background

On January 30, 2008, a grand jury returned a ten-count indictment against Lofton.[4/] On April 3, 2008, Lofton pled guilty to conspiring to possess with intent to distribute 96.1 grams of cocaine

[1/]Doc. 39.

[2/]Doc. 47.

[3/]Doc. 44.

[4/]Doc. 1.

base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[5] In exchange for his guilty plea, the Government agreed to seel the dismissal of the remaining charges in the indictment and move for a three-level reduction in the guideline range at sentencing.[6] Under the plea agreement, Lofton also acknowledged that a previous felony drug conviction subjected him to a statutory mandatory minimum of twenty years of incarceration.[7] On June 18, 2008, the Court sentenced Lofton to concurrent terms of 240 months of imprisonment on Count 1—the statutory minimum—and 120 months of imprisonment on Count 10.[8] Lofton did not appeal his conviction or sentence.

On September 7, 2011, Lofton filed the current petition. With the petition, Lofton says that the Government wrongly withheld evidence and that intervening changes in law rendered his conviction defective.[9] With his petition, Lofton files approximately one hundred pages of heavily redacted documents apparently received in response to a Freedom of Information Act request. He says that "if [he] would have had these documents pre-plea he would have went to trial and won or at the very least negotiated a more favorable plea agreement."[10] Lofton also argues that his counsel was ineffective, that the Court should not have applied certain enhancements to his conviction, and that mandatory minimum sentences do not apply to him because he is an American Indian.[11] He also

---

[5] Doc. 28.

[6] Doc. 39 at 5-6.

[7] Doc. 28 at 2.

[8] Doc. 38.

[9] Doc. 39.

[10] Doc. 39 at 1-2.

[11] Doc. 39 at 2.

requests an evidentiary hearing.[12]

On November 9, 2012, the Court noted the presumptively applicable statute of limitations, and ordered Lofton and the Government to "specifically identify[] all parts and all pages [that] contain exculpatory evidence and whether this Court may properly consider the evidence."[13] In response, Lofton says that "[t]he DEA Lab reports show net weight and gross weight." He says that when he asked his counsel whether he "could appeal on the basis that the quantity amounts reflected in the plea were miscalculated" or the impact of the purported purity of the substance, his counsel informed him that he "had no appeal."[14] He thus suggests that he received the ineffective assistance of counsel in negotiating his plea bargain in violation of two recently-decided Supreme Court cases, *Missouri v. Frye*[15], and *Lafler v. Cooper*[16].

## II. Legal Standard

United States Code Title 28, Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that violates federal law.[17] Section 2255 provides four grounds to challenge a conviction or sentence: "(1) The sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral

[12] Doc. 39 at 2

[13] Doc. 48 at 1-2.

[14] Doc. 51 at 2-3.

[15] 132 S. Ct. 1399 (2012).

[16] 132 S. Ct. 1376 (2012).

[17] *See In re Gregory*, 181 F.3d 713, 714 (6th Cir.1999).

attack."[18]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[19] A § 2255 motion alleging a non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."[20] The Court may summarily deny a motion to vacate if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief.[21]

As a general rule, a habeas petitioner may not seek to relitigate an argument raised unsuccessfully on direct appeal, or raise an argument that he could have but did not raise on direct appeal.[22] An ineffective assistance of counsel claim, however, is not subject to this rule and may be raised in a § 2255 motion whether or not the petitioner could have raised the claim on direct appeal.[23]

To show ineffective assistance of counsel, a convicted party must establish both "(1) that

---

[18] 28 U.S.C. § 2255.

[19] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[20] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (internal quotation marks removed).

[21] *Smith v. United States*, 348 F.3d 545, 550 (6th Cir.2003).

[22] *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999); *see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

[23] *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.")

counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for that deficiency, the outcome of the proceeding would have been different."[24] A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[25]

Title 28, Section 2255(f) imposes a one-year statute of limitations on § 2255 claims.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) The date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[26]

To restart the statute of limitations under section (f)(3), Lofton may show that the asserted right was recently recognized for the first time by the Supreme Court, and that it was made retroactive.[27]

## III. Analysis

Lofton's conviction became final on July 4, 2008, fourteen days after the issuance of the judgment order.[28] On September 7, 2011, Lofton filed the instant petition—twenty-six months too late under § 2255(f)(1). Thus, for this Court to entertain Lofton's petition, he must show that a

---

[24] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[25] *Id*.

[26] 28 U.S.C. § 2255(f).

[27] *See, e.g.*, *Story v. United States*, No. 2:09-cv-51, 2012 U.S. Dist. LEXIS 82031, at *7-8 (E.D. Tenn. June 12, 2012) (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001)).

[28] *See* Fed. R. App. Proc. 4(b)(1); Doc. 38.

government impediment prevented him from filing his petition earlier, newly discovered evidence that he could not have found earlier, or an intervening change in law made retroactively applicable to his case. Lofton's petition falls within none of these categories. First, the newly recognized rights of *Lafler* and *Frye* are inapplicable to Lofton because those cases dealt with prisoners who rejected plea bargains based on the ineffective assistance of counsel. Second, and relatedly, Lofton does not present new evidence that he could not have discovered earlier, or which was wrongfully withheld in violation of *Brady v. Maryland*. Finally, Lofton's appeals to *Simmons* or *Carachuri-Rosendo* are time-barred because he filed them more than one year after the Supreme Court decided these cases.

First, Lofton's sentence does not violate constitutional rights recognized in *Lafler* and *Frye*. In *Lafler* and *Frye*,

> inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome. In *Frye*, defense counsel did not inform the defendant of the plea offer; and after the offer lapsed the defendant still pleaded guilty, but on more severe terms. [In *Lafler*], the favorable plea offer was reported to the client but, on advice of counsel, was rejected. In *Frye* there was a later guilty plea. [In *Lafler*], after the plea offer had been rejected, there was a full and fair trial before a jury. After a guilty verdict, the defendant received a sentence harsher than that offered in the rejected plea bargain. [*Lafler*] comes to the Court with the concession that counsel's advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment.[29/]

Lofton says, for the first time in supplemental briefing, that he, "acting solely upon the advise of Counsel of record plead [sic] guilty to a quantity amount which the reports show were incorrect as to the actual amount of reflected in the reports, and had the petitioner not been so misadvised he would not have entered into a plea which was not adequately reflect in the reports and sequently

[29/] *Lafler*, 132 S. Ct. at 1383.

result[ed] in a[n] incrase[d] term of imprisonment."[30] Lofton suggests that the DEA reports submitted with his petition show errors or doubt as to the weight and purity of the crack he plead guilty to conspiring to possess.

*Lafler* and *Frye* are inapplicable to Lofton's case. These cases dealt with "how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial" or "the defendant still pleaded guilty, but on more severe terms."[31] Lofton has not shown that an alternative plea bargain existed, and he did not go to trial. Thus any claim of ineffective assistance of counsel during the plea bargain stage falls under the broader right to effective assistance of counsel during plea bargaining.[32]

Lofton appears to argue that effective counsel would have challenged "DEA lab reports" indicating the amount and purity of the 96.1 grams of crack that Lofton conspired to possess and that formed the basis for guilty plea. Ordinarily, a claim of ineffective assistance of counsel during plea bargaining would be subject to § 2255's statute of limitations. Nonetheless, if the Government suppressed "evidence favorable to the accused,"[33] it created the kind of "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States,"[34] that tolls § 2255's statute of limitations. Thus, if Lofton is simply alleging that his counsel rendered ineffective assistance by failing challenge the amount and purity of the crack he conspired to possess or to advise him that he could, such a claim is barred by the statute of limitations. On the

[30] Doc. 51 at 2.

[31] *Lafler*, 132 S. Ct. at 1383, 1384.

[32] *See* *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

[33] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[34] 28 U.S.C. 2255(f)(3).

other hand, if the Government withheld information about the amount and purity of the drugs, then Lofton's claim is timely if it was filed within one year of the date on which he obtained or could have obtained that information.

Because this Court had significant difficulties in finding anything exculpatory in the documents that Lofton filed with his petition, the Court ordered Lofton to "identify[] all parts and all pages he says contain exculpatory evidence."[35] In response, the Lofton "points to the lab reports submitted to the court by him as they related to the Drug Enforcement Administration, (DEA) lab reports which specifically identify the weight, type of the controlled substance in the case."[36] The Court has now examined these documents and finds no lab reports among them, nor any indication that the Government withheld information about the amount and purity of the crack that Lofton conspired to posses. Furthermore, the Government apparently provided the lab reports to the defense months before Lofton's plea.[37] As such, Lofton fails to identify any "suppression by the prosecution of evidence favorable to an accused" and his claim for relief based on the quantity of drugs involved is otherwise barred by § 2255's statute of limitations.

Finally, any claim for relief based on *Carchuri-Rosendo* or *Simmons* is untimely. These cases were decided in June of 2010. [38] Thus § 2255(f) required these habeas claims by June of

[35] Doc. 48 at 1-2.

[36] Doc. 51 at 2.

[37] Doc. 53 at 5.

[38] *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) (decided June 14, 2010); *Simmons v. United States*, 130 S. Ct. 3455 (2010) (vacating judgment and remanding for further consideration in light of *Carachuri-Rosendo* on June 21, 2010).

2011. Lofton filed this petition in September of 2011.[39] Accordingly, the Court cannot entertain Lofton's claim on this basis.[40]

Likewise, Lofton's claims that his purported status as an American Indian entitle him to relief are also untimely. Lofton cites no law applicable to his case that was not in existence when he was convicted. Thus § 2255's one-year statute of limitations applies, and his petition is untimely.

**IV. Conclusion**

For the foregoing reasons, the Court finds that Lofton is not entitled to relief, and **DENIES** his petition. The Court finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows that Petitioner is entitled to no relief. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: May 21, 2013

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[39] Doc. 39.

[40] *See also, e.g., Story v. United States*, 2012 U.S. Dist. LEXIS 82031, at *8; *Southard v. Shartle*, No, 4:11-CV-1695, 2012 U.S. Dist. LEXIS 36288, at *12-13 (N.D. Ohio Mar. 19, 2012) (Gwin, J.) (noting that even if *Carachuri-Rosendo* created a new and retroactive federal right on June 14, 2010, habeas petition on August 12, 2011 would have been almost two months late).